UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL A. WILSON,
ADMINISTRATOR, *et al.*,

    Plaintiffs,

v.

CORBIN CONTRACTING, LLC,

    Defendant.

:

:

Case No. 2:23-cv-2853
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion seeking default judgment as to Defendant Corbin Contracting, LLC's lability and injunctive relief pursuant to the provisions of the Employment Retirement Income Security Act of 1964 ("ERISA"), 29 U.S.C. § 1132. (ECF No. 10.) The Motion is unopposed. For the reasons below, the Motion is hereby **GRANTED**.

### I.    BACKGROUND

Plaintiffs are the Administrator and Trustees of the following funds: the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship and Training Fund, and the Ohio Operating Engineers Education and Safety Fund. (Compl., ¶¶ 3-7, PAGEID # 2-4.) These entities are responsible for collecting contributions from employers that have contracted to provide employee benefits to eligible employees

in Columbus, Ohio and are established by 29 U.S.C. § 1002(3) and ERISA § 3(3). (*Id.*)

Defendant Corbin Contracting, LLC is an Ohio limited liability company with its principal place of business located in Fremont, Ohio. (Compl., ¶ 8, PAGEID # 4.) Corbin Contracting executed a Distribution and Maintenance Agreement and an Agreement to Pay Fringe Benefits Weekly (collectively, the "Funds Agreements") on January 17, 2022, and became a party to collective bargaining agreements and Trust Agreements and Declarations of Trust ("Trust Agreements") that established the funds. (*Id.*)

On September 1, 2023, Plaintiffs brought this suit against Corbin Contracting seeking to collect fringe benefit contributions, wages and dues deductions, liquidated damages, interests, and attorney's fees. (Compl., ¶¶ 11-19, PAGEID #5-7.) Plaintiffs also seek injunctive relief and an order requiring Corbin Contracting to submit to an audit of its employment, payroll, and financial records. (*Id.* ¶ 20, PAGEID # 8.)

Bound by the terms of the Funds Agreements, collective bargaining agreements, and Trust Agreements, Corbin Contracting was required to file monthly contribution reports, permit Plaintiffs to audit its financial records, and make monthly contributions. (*Id.* ¶¶ 12, 13, 20.) But Corbin Contracting has refused to allow Plaintiffs to inspect and audit its books and records in breach of the parties' agreements. (*Id.*) Plaintiffs allege that they are owed delinquent and unpaid

contributions and seek judgment for the amount due and owing plus interest and fees from February 1, 2022. (*Id.* ¶¶ 13-16, 18.)

Service was perfected upon Corbin Contracting on September 15, 2023, and the company failed to appear or otherwise defend in this action. Plaintiffs submitted its Application for Default to the Clerk on October 11, 2023 (ECF No. 5), and default was entered the next day. (ECF No. 6.) Two months later, the Court issued a Show Cause Order as to why this action should not be dismissed for failure to prosecute. (ECF No. 9.)

On January 9, 2024, Plaintiffs responded to the Court's Show Cause Order and moved for default judgment.

## II. LAW AND DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party once default has been entered by the clerk. It provides that default judgment may be entered against a defendant who is neither a minor nor an incompetent person. Fed. R.Civ. P. 55(b)(2). In that case, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)(citations omitted); *see also* Fed. R.Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with

3

reasonable certainty. *Ford Motor*, 441 F. Supp. 2d at 846 (citations omitted). That means some evidence of damages is required. *IBEW Loc. Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)). Thus, the mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment.

Corbin Contracting is an Ohio limited liability company; and as a business entity, it is not a minor nor incompetent person. It is also not subject to the Soldiers and Sailors Relief Act of 1940. *Zinganything, LLC v. Tmart UK Ltd.*, No. 5:14- cv-629, 2016 WL 362359, at *2 (N.D. Ohio Jan. 29, 2016) (citation omitted). Corbin Contracting has failed to timely submit monthly contribution reporting forms, which has resulted in delinquent and unpaid contributions to Plaintiffs. Moreover, Corbin Contracting has not complied with Plaintiffs' demand for an audit since February 2022. By virtue of its failure to answer, appear, or otherwise defend against this action, Corbin Contracting is deemed to have admitted these allegations. These allegations are sufficient to establish Plaintiffs' claims, and Plaintiffs are entitled to default judgment as to liability.

Additionally, Plaintiffs purport that they will seek sums certain for delinquent contributions and wage and dues deductions, liquidated damages, attorney fees, and interest, but that amount cannot be determined at this time. Plaintiffs request that the Court direct Corbin Contracting to submit to an audit of

its payroll and other financial records. Such an audit is agreed to by the parties per the Fund Agreements, collective bargaining agreements, and Trust Agreement, and the audit is necessary to calculate Plaintiffs' damages. Therefore, the Court will set this matter for a hearing on damages, if necessary, once the audit is complete.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment (ECF No. 10) is **GRANTED** on the issue of liability. It is further **ORDERED** that:

1. Within **30 days** from the date of this Order, Defendant Corbin Contracting, LLC shall submit to an audit in the manner and at the time and place designated by Plaintiffs or their agent.

2. Defendant Corbin Contracting, LLC shall provide Plaintiffs with all records, information, and responses as necessary for Plaintiffs to determine the amounts owed in unpaid contributions, liquidated damages, and interest from February 1, 2022, to present and shall otherwise comply with Plaintiffs' requests to examine and review any necessary documents to complete the audit.

3. The parties shall provide interim status reports every 30 days and notify the Court when the audit is complete. Within 30 days of completion of the audit, Plaintiffs shall file an affidavit setting forth amounts owed. The Court will set a hearing on the issue of damages, if necessary, after review of Plaintiffs' affidavit.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**